**VALLEY EDUCATIONAL SUPPORT PERSONNEL ASSOCIATION, Petitioner–Appellee/Cross–Appellant,**

v.

**PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent/Cross–Appellant,**

**Valley Community School District, Intervenor–Appellant.**

No. 87–534.

Court of Appeals of Iowa.

Jan. 27, 1988.

James E. Thomson of Jacobson, Bristol, Thomson & Garrett, Waukon, for intervenor-appellant.

James H. Gilliam, PERB General Counsel, Des Moines, for respondent/cross-appellant.

Gerald L. Hammond of Sayre & Gribble, Des Moines, for petitioner-appellee/cross-appellant.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

HAYDEN, Judge.

The Valley Community School District (District) and the Public Employment Relations Board (PERB) appeal the portion of the district court's judgment that found there was not substantial evidence in the record to support PERB's finding that the District's promotion of Dave Smock to the position of head custodian would have occurred even in the absence of animus by the District toward the union, the Valley Educational Support Personnel Association (Association). The Association cross-appeals, challenging the district court's conclusion that there was substantial evidence to support PERB's refusal to reinstate Lou Anne Dennler since her employment would have been terminated notwithstanding animus toward the union.

Our scope of review is limited to the correction of errors at law. Iowa Code § 17A.20; *Cerro Gordo County v. Public Employ. Rel. Bd.*, 395 N.W.2d 672, 675 (Iowa App.1986). We review the decision of the district court by applying the standards of Iowa Code section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court. *Cerro Gordo County*, 395 N.W.2d at 675. In a contested case proceeding, we shall grant relief from an agency decision which is not supported by substantial evi-

dence in the record made before the agency when that record is viewed as a whole. Iowa Code § 17A.19(8)(f). Evidence is substantial when a reasonable person would accept it as adequate to reach a given conclusion. *City of Davenport v. Public Employ. Rel. Bd.*, 264 N.W.2d 307, 311 (Iowa 1978). The fact two inconsistent conclusions can be drawn from the evidence does not mean one of those conclusions is unsupported by substantial evidence. *Myers v. Iowa Dept. of Job Service*, 373 N.W.2d 507, 509 (Iowa App.1985).

On May 15, 1985, the Board of Directors of the District promoted Dave Smock to the newly-created position of head custodian. Smock was selected over John Gass, a sixteen-year employee, and Lou Anne Dennler, a five-year employee. Smock had been employed by the District for ten months. All three of these employees had been very active in the Association. Smock had been the chief organizer of the union and Gass and Dennler had been elected, respectively, President and Vice President of the Association.

After the selection of Smock, Dennler resigned her janitorial position. The District denied her subsequent request for reinstatement. Thereafter, on July 15, 1985, the Association filed a complaint against the District with PERB. The Association alleged that the District had promoted Smock and refused to reinstate Dennler based upon their exercise of protected union activities, in violation of Iowa Code section 20.10(2). The PERB hearing officer dismissed the Association's complaint, concluding it had failed to establish a prima facie case of discriminatory conduct. However, on administrative appeal, PERB reversed this decision. PERB nonetheless dismissed the complaint, concluding the District had successfully rebutted the prima facie case by showing it had a legitimate business justification for promoting Smock and refusing to reinstate Dennler. The Association appealed this decision to the district court. The District did not, however, cross-appeal PERB's finding of a prima facie case.

The district court concluded there was not substantial evidence to support PERB's determination the District had successfully rebutted the prima facie case of discriminatory conduct. The District and PERB now appeal this determination. The court also concluded there was, however, substantial evidence to support PERB's refusal to order the reinstatement of Dennler. The Association challenges this determination on cross-appeal. We address these appeals in the order presented.

**I. Promotion of Smock.** In determining whether the promotion of Smock was motivated by animus toward the Association or by legitimate business reasons, PERB applied the test for cases of dual motivation which was enunciated in *Wright Line, a Division of Wright Line, Inc.*, 251 NLRB 1053 (1980), *enf'd.* 662 F.2d 899 (1st Cir.1981), *cert. denied*, 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982). This analysis has been previously utilized by this court in the context of employee discharge rather than promotion in *Cerro Gordo County v. Public Employ. Rel. Bd.*, 395 N.W.2d 672 (Iowa App.1986), where we stated:

> Under the dual-motive test the employee must establish a *prima facie* case that the employee's protected conduct (i.e., union activity) was a "substantial or motivating factor in the discharge." [*NLRB v.*] *Transportation Management Corp.*, 462 U.S. [393] at 400, 103 S.Ct. [2469] at 2473, 76 L.Ed.2d [667] at 674 [1983]. The burden then shifts to the employer to demonstrate by a preponderance of the evidence the discharge would have taken place even in the absence of the protected conduct. *Id.; Wright Line*, 662 F.2d at 905. The shifting burden requires the employer to make out what is actually an affirmative defense: the discharge would have occurred in any event *and was a lawful discharge for valid reasons. Transportation Management Corp.*, 462 U.S. at 398, 400, 103 S.Ct. at 2472, 2473, 76 L.Ed.2d at 673–74.

*Id.* at 676 (emphasis in the original).

In this case, PERB concluded the District would have promoted Smock despite any

animus toward the Association. This conclusion was based on the weakness of the Association's prima facie case, as demonstrated by evidence showing a lack of animus by the District toward the Association, and on the business justification advanced by the District (it did not consider seniority or experience to be important factors in selecting the head custodian, but instead relied on the perceived personal initiative of the candidates for the position).

The district court concluded PERB misapplied the *Wright Line* test by even considering, after the prima facie case was shown, evidence tending to show a lack of animus toward the Association. The court then concluded the evidence of Smock's personal initiative was not sufficient to support the decision of PERB.

■ We disagree with the district court's interpretation of the burden placed on the District by *Wright Line.* The dual motive test was designed to include careful consideration of the employer's "good" reason as well as the union's evidence of improper motive, so as to assure due consideration of all facets of the case. *Wright Line,* 662 F.2d at 907. Although the test requires the employer to produce evidence of a legitimate reason for the action taken, it does not thereby render irrelevant evidence directly rebutting the prima facie case. PERB's decision will nearly always turn on a weighing of *all* the evidence. *See Wright Line,* 662 F.2d at 907.

■ We conclude, therefore, PERB did not err by considering evidence which directly contradicted the Association's prima facie case. We also conclude, in any event, the evidence of Smock's personal initiative was sufficient to sustain the District's burden of production and to support the decision of PERB. The evidence in this case would also have supported a contrary conclusion; however, this fact does not mean PERB's decision is unsupported by substantial evidence. *See Myers,* 373 N.W.2d at 509. We reverse the trial court on this issue.

■ **II. Refusal to Reinstate Dennler.**
The Association asserts the District erred by failing to grant Lou Anne Dennler a remedy consistent with its conclusion the District had committed a prohibited practice. The Association contends Dennler was provoked to resign by the illegal conduct of the District in promoting Smock. We have concluded, however, there is substantial evidence to support the decision of PERB that a prohibited practice was not committed. Furthermore, Dennler admitted she is "hot-tempered" and had resigned in anger before. On the prior occasion the District voluntarily reinstated her; on this occasion, it declined to do so. Absent a finding that the District's promotion of Smock was a prohibited practice, the Association does not assert any reasons to justify the reinstatement of Dennler. We conclude there is substantial evidence in the record to support the refusal of PERB to order such reinstatement. The trial court is affirmed on this issue. Costs of appeal are taxed against petitioner-appellee/cross-appellant.

AFFIRMED IN PART; REVERSED IN PART.

SCHLEGEL, J., takes no part.